UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID JOHN SLOUGH,

   Plaintiff,         Hon. Jane M. Beckering

v.              Case No. 1:26-cv-01015

CHARLEVOIX COUNTY
SHERIFF'S DEPARTMENT, et al.,

   Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Preliminary Injunction. (ECF No. 8).   Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be denied.

## BACKGROUND

Plaintiff initiated this action on March 27, 2026, and simultaneously filed a motion for a temporary restraining order (TRO) and a motion for preliminary injunction. (ECF No. 1).   In his complaint, Plaintiff alleges constitutional violations arising under 42 U.S.C. § 1983 from events occurring between July 2023 and August 2024, and he references the existence of a 2025 state court criminal prosecution against him that apparently remains pending.   (ECF No. 1).   The Court denied Plaintiff's motion for TRO and dismissed without prejudice his motion for a preliminary injunction, stating

-1-

that Plaintiff could refile his motion for a preliminary injunction once service was accomplished.   (ECF No. 5, PageID.62).   Upon Defendants' successful service, Plaintiff refiled his motion for a preliminary injunction.   (ECF No. 8).

## ANALYSIS

Plaintiffs seek injunctive relief to stay his criminal sentence and any probation violation proceedings in at least two underlying state criminal cases and to enjoin Defendants from further enforcement action against him for an August 2025 traffic stop. (ECF No. 8, PageID.83).   Plaintiff requests that the Court order the preservation of body camera footage from said traffic stop, schedule a hearing on the motion, and waive or set a nominal security bond.   (*Id.*).

Injunctive relief is "an extraordinary remedy which should be granted only if . . . the circumstances clearly demand it."   *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).   To decide whether an injunction is warranted, the Court must consider four factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether a preliminary injunction would be in the public interest.   *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000).

Rather than prerequisites, which must each be satisfied, these nondispositive factors are competing considerations to be weighed and balanced. *See Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997). Ultimately, the decision whether to grant injunctive relief lies within the Court's discretion. *See Dana Corp.*, 251 F.3d at 1118.

Finally, where, as here, a plaintiff seeks to enjoin ongoing state-court criminal proceedings, a plaintiff "must first demonstrate that 'great and immediate' irreparable harm would occur absent federal intervention." *Ballard v. Stanton*, 833 F.2d 593, 594 (6th Cir. 1987) (quoting *Younger v. Harris*, 401 U.S. 37, 46 (1971)). Plaintiff has failed to do so. Plaintiff's theory of irreparable harm is the likelihood of incarceration following his probation violation proceedings on April 24, 2026. (ECF No. 8, PageID.81). But he still "may raise constitutional challenges during criminal proceedings in Michigan either during trial or on appeal." *Branham v. Adair*, 39 F. App'x 229, 231 (6th Cir. 2002). Accordingly, Plaintiff fails to make the requisite irreparable harm showing.

Having found that Plaintiff has not established irreparable harm, the Court need not address the remaining factors for preliminary relief. *A.R.D. v. St. Paul Catholic Sch.*, 2013 WL 1856006, at *1 (E.D. Mich. Apr. 30, 2013) ("The failure to show irreparable harm, by itself, can justify the denial of preliminary injunctive relief without consideration of the other three factors.").

Furthermore, to the extent Plaintiff requests that the Court order Defendants to stop "law enforcement action" against him, injunctive relief is not appropriate.   (ECF No. 8, PageID.76).   As courts recognize, "obey-the-law" injunctions are not proper.   *See, e.g., Perez v. Ohio Bell Telephone Co.*, 655 Fed. Appx. 404, 410-11 (6th Cir., July 14, 2016) ("The Supreme Court has warned against 'sweeping injunction[s] to obey the law' and has cautioned courts about their 'duty to avoid' such orders").

Finally, the Court finds that Plaintiff has not demonstrated that his requests that the Court order the preservation of body camera footage from the August 2025 traffic stop, schedule a hearing on the motion, and waive or set a nominal security bond are appropriate or necessary.   Accordingly, the undersigned recommends that Plaintiff's motion for injunctive relief be denied.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for Preliminary Injunction be denied.   (ECF No. 8).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.   28 U.S.C. § 636(b)(1)(C).   Failure to file objections within the specified time waives the right to appeal the District Court's order.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: April 30, 2026                        /s/ Phillip J. Green
                                            PHILLIP J. GREEN
                                            United States Magistrate Judge